IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RUSSELL GAITHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-132 |
| ) | |
| SOUTHERN DISTRICT OF GEORGIA ) | |
| COURT and THE ELEVENTH CIRCUIT ) | |
| COURT OF APPEALS, et al., ) | |
| ) | |
| Defendants.[1] ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 1, 2021, Plaintiff submitted a complaint for filing, (doc. no. 1), but did not submit the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). Upon opening the case, the Clerk of Court sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1. (See doc. no. 2.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

---

[1]The Court **DIRECTS** the **CLERK** to **TERMINATE** "Bivens Doctrine Claims Against Federal Officers" as a Defendant because that is Plaintiff's description for the type of claims in his complaint, not a separately named Defendant. (See doc. no. 1, p. 1.)

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Local Rules when he did not submit a motion to proceed IFP or pay the filing fee, and when given the opportunity to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notice. Moreover, Plaintiff is no doubt familiar with the requirements of submitting an IFP motion or filing fee. He has had numerous cases dismissed under the three strikes provision of 28 U.S.C. § 1915(g),[2] and the basis for his current complaint is his dissatisfaction with judicial enforcement of, *inter alia*, the filing requirements for prisoners attempting to proceed IFP in federal court. Plaintiff's failure to comply with the requirements of the Local Rules, and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, as no portion of the filing fee has been paid, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Therefore, Plaintiff's case should be dismissed.

---

[2] See Gaither v. Warden, CV 121-076, 2021 WL 3388654, at *1 (S.D. Ga. June 4, 2021) (collecting cases), *adopted by*, 2021 WL 3376833 (S.D. Ga. Aug. 3, 2021).

In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an IFP motion as required.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA